IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>Baltimore Division</u>

| | |
|---|---|
| In re: | ( |
| R.M. Schmidt, Inc. | ( Bankr. Case No.:23-10069-DER |
| Debtor(s) | ( (Chapter 7) |
| | |
| Zvi Guttman, Trustee<br>P.O. Box 32308<br>Baltimore, MD 21282 | ( |
| Plaintiff | ( |
| v. | ( |
| Little Eggs Child Care<br>f/k/a Little Eggs, LLC | ( |
| and | ( Adv. Proc. No.: 24____-der |
| Jeremy Allen<br>t/a Little Eggs Child Care | ( |
| Serve: | ( |
| Jeremy Allen, CEO<br>7005 Banbury Dr., #100<br>Hanover MD 21076 | ( |
| and | |
| Jeremy Allen<br>c/o Oxford MD, LLC<br>Gregory A. Dorsey, Esq.<br>10320 Little Patuxent Park #608<br>Columbia MD 21044 | |
| Defendants | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

Plaintiff, Zvi Guttman, Trustee, hereby files this Complaint against **Little Eggs Child Care fka Little Eggs LLC** and **Jeremy Allen t/a Little Eggs Child Care** (hereinafter, the "Defendant") to Avoid and Recover Preferential Transfers

and, in support thereof, states:

## Parties

1. Zvi Guttman, Trustee, Plaintiff, is the Chapter 7 Trustee for the captioned bankruptcy estate.

2. The Defendant engaged in financial transaction with R.M. Schmidt, Inc. (the "Debtor") as a vendor, or otherwise. The Defendant did business with the Debtor in Maryland.

## Jurisdiction

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 502 and 541 - 550.

4. This is a core proceeding and the Trustee consents to entry of final orders or judgments by the Bankruptcy Judge.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## Background

6. This case was commenced by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 5, 2023.

7. The Debtor was a Maryland company, with its principal offices in Westminster, Maryland.

8. Plaintiff brings this Complaint against the Defendant to avoid and recover transfer(s) or their value, under the Bankruptcy Code (11 U.S.C. § 101 *et. seq.*).

9. In the ninety (90) day period preceding the filing of the Petition, the Debtor transferred property to or for the benefit of the Defendant in the aggregate amount of not less than **$31,570.00** (individually, a "Transfer," and if one or more, the "Transfers"). A detailed breakdown of each Transfer including the method of transfer, the date of the transfer, and other pertinent information is as follows:

Check No.: 74560     Amount: $31,570.00    Cleared Debtor's Account 12/15/2022

10. The Trustee analyzed all readily available and provided information and documents and reasonably believes that the Transfers are avoidable after giving effect to the Defendants' known or reasonably knowable affirmative defenses under section 547(c) of the Bankruptcy Code.[1]

### Count I – Avoidance of Transfers (11 U.S.C. § 547(b)

11. The allegations hereinabove set forth are incorporated by reference as though fully set forth herein.

12. The Transfers were a transfer of an interest of the Debtor in property.

13. The Transfers were made to the Defendant.

14. The Transfers were made for the benefit of the Defendant.

15. The Transfers were made for or on account of antecedent debts ("Debt") owed by the Debtor before such Transfers were made.

16. At the time the Transfers were made the Debtors were insolvent as that term is defined and used in sections 101(32) and 547 of the Bankruptcy Code.

17. The Transfers were made on or within 90 days before the filing of the petition for relief that commenced this case.

18. The Transfers enabled the Defendant to receive more than it would have received in this chapter 7 case had the Transfers not been made and had Defendant received payment on the Debt to the extent provided by the Bankruptcy Code.

19. The Transfers constitute voidable preferences pursuant to § 547 of the Bankruptcy Code.

20. Immediately prior to each of the Transfers, the Defendant was a creditor of the Debtor and each of the Transfers satisfied some portion of an outstanding claim of the Defendant against the Debtor.

### Count II – Avoidance of Transfer (11 U.S.C. § 547(b)

21. The allegations hereinabove set forth, except for Paragraphs 15 and 20, are incorporated by reference as though fully set forth herein.

---

[1] Defendant was served with a Subpoena *Duces Tecum* pursuant to Rule 2004 but failed to respond.

3

22. The Transfers were made to a creditor of the Debtor other than the Defendant, and the Transfers enabled such creditor to receive more than such creditor would receive in this chapter 7 case had the Transfers not been made and such creditor received payment of the Debt to the extent provided by the provisions of the Bankruptcy Code.

### Count III – Recovery of Transfers (11 U.S.C. § 550)

23. The allegations hereinabove set forth are incorporated by reference as though fully set forth herein.

24. The Defendant was the initial recipient of the Transfers from the Debtor

25. The Defendant had legal dominion and control of the Transfers when and as received.

26. The Defendant is the entity for whose benefit the Transfers were made.

27. The Transfers are recoverable from the Defendant pursuant to § 550 of the Bankruptcy Code.

### Count IV – Disallowance of Claim (11 U.S.C. § 502(d))

28. The allegations hereinabove set forth are incorporated by reference as though fully set forth herein.

29. To the extent the Defendant holds or will file an otherwise valid and enforceable claim the Trustee objects to the payment of said claim unless and until any and all avoidable transfers are returned to the Trustee.

WHEREFORE, the Trustee prays that this Honorable Court:

A. Enter judgment in favor of the Trustee and against the Defendant avoiding the Transfers;

B. Enter judgment in favor of the Trustee and direct that the Defendant pay the Trustee an amount equal to (i) the Transfer(s), (ii) any additional avoidable transfers the Trustee becomes aware of during the pendency of this proceeding,

(iii) interest from the date of the filing of this Complaint and (iv) the costs of this action;

    C. Disallow the claim(s), if any, of the Defendant; and

    D. Order such other and further relief as is just and proper.

        /s/ Zvi Guttman
        Zvi Guttman (06902)
        The Law Offices of Zvi Guttman, P.A.
        P.O. Box 32308
        Baltimore, MD 21282-2308
        (410) 580-0500 (P)
        (410) 580-0700 (F)
        Email: Zvi@ZviGuttman.com

        **Counsel to the Trustee**